IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERTSON BENDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | CASE NO. 2:04-cv-398-F |
| | ) | WO |
| AMERICAN GENERAL LIFE AND | ) | |
| ACCIDENT INSURANCE COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

It is well-established that the party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). In this case, Defendant American General Life and Accident Insurance Company (hereinafter "American General") asserts in its Notice of Removal that this court has subject matter jurisdiction based on diversity of citizenship. (Doc. # 1). Specifically, **Defendant American General** avers that it is a **Tennessee corporation** with its principal place of business in Tennessee and that **Defendant Gordon Strickland** and **all of the Plaintiffs** are **Alabama residents**.[1] Clearly, complete diversity between Plaintiffs and Defendants have not been established.

Though neither party has challenged federal court jurisdiction, the court must *sua sponte* raise the issue because it may not proceed in its absence. *See Smith v. GTE Corp.*, 236

---

[1]   The court notes that American General asserts that Defendant Gordon Strickland's residency does not preclude diversity jurisdiction because he was fraudulently joined in this lawsuit. This issue however has not been resolved as the parties have not raised this matter in any motion before the court.

F.3d 1292, 1299 (11th Cir.  2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").  Accordingly, it is hereby

ORDERED that the defendants shall submit written clarification, or the appropriate motion, on or before **April 25, 2005** as to the presence of diversity jurisdiction in this case.[2]

It is further ORDERED that on or before **May 2, 2005** the plaintiffs shall file a response or the appropriate motion.

DONE this 19th day of April, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]  The defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).