IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERTSON BENDER, *et al.*,   )<br>                                                           )<br>      Plaintiffs                              )<br>                                                           )<br>v.                                                      )<br>                                                           )<br>AMERICAN GENERAL LIFE AND   )<br>ACCIDENT INSURANCE COMPANY,   )<br>*et al.*,                                           )<br>                                                           )<br>      Defendants.                         ) | CASE NO. 2:04-cv-398-F<br>              WO |

## **MEMORANDUM OPINION AND ORDER**

This lawsuit was originally filed in the Circuit Court of Lowndes County, Alabama. Arguing that Plaintiffs[1] had fraudulently joined Gordon Strickland (hereinafter "Strickland"), an Alabama citizen,[2] Defendant American General Life and Accident Insurance Company (hereinafter "American General") removed the action from state to federal court on April 26, 2004.[3] Plaintiffs seek remand of this action contending that Defendant Strickland was not fraudulently joined.[4] For the reasons set forth in this Memorandum Opinion and Order, the

---

[1] According to the Complaint, Plaintiffs are resident citizens of Alabama. (Doc. # 1, Compl. at ¶ 1).

[2] (*Id*. at ¶ 3).

[3] Defendant American General is a Tennessee corporation with its principal place of business in Tennessee. (Doc. # 1, Notice of Removal, p. 2, ¶ 6).

[4] On April 19, 2005 (Doc. # 11), because neither party challenged federal court jurisdiction, the court *sua sponte* raised the issue. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). As a result of the court's action, Plaintiffs' filed a motion to remand.

court finds that the Motion to Remand (Doc. # 17) is due to be GRANTED because Defendant Strickland was not fraudulently joined and subject matter jurisdiction is absent in this case.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095 ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a).  The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).  "A defendant may submit affidavits, depositions, or other evidence to support removal." *Lott v. Metro. Life Ins. Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citation omitted).

Defendants argue that removal was proper because the court has jurisdiction over this case due to diversity of citizenship. (Docs. # 12 & 16).  The diversity statute confers

jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000.00, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Strickland and Plaintiffs are citizens of Alabama. Defendants argue that, due to the fraudulent joinder, the court should disregard Strickland's citizenship for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.,* 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[5] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id*. If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[6] In other words, a motion to remand should be denied only if the court is convinced that there

---

[5] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

[6] It is important to note that the court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

4

is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder. Specifically, they argue that there is no possibility that Plaintiffs can establish a cause of action against Strickland. The court has carefully reviewed the claims against Strickland and the arguments of the parties, and it must conclude that in this case there is a possibility that the Plaintiffs can establish their causes of action against said defendant.[7] Accordingly, this court must find that

---

[7] Defendants argue that Plaintiffs' fraud-based claims against Strickland are barred by the two-year statute of limitations for such claims. (Docs. # 12 & 16). Defendants contend that, despite Plaintiffs' allegations in the Complaint that they discovered the fraud in 2002, Plaintiffs' attorney was on notice of the fraudulent activities in 1998 and 2001. Specifically, Defendants assert that Plaintiffs' attorney received documents from American General in response to his request for information in 1998 and in response to a non-party subpoena for an unrelated state lawsuit in 2001. Hence, Defendants maintain that since Plaintiffs'– by their counsel– were on notice of the alleged fraudulent conduct in 1998 and 2001, the two year statute of limitations clearly had run on April 26, 2004, the date Plaintiffs filed their Complaint. *See Auto-Owners Ins. Co. v. Abston*, 822 So.2d 1187, 1195 (Ala. 2001) ("The limitations period begins to run when the plaintiff was privy to facts which would 'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.'") (citation omitted).

The court finds that Defendants' argument is not persuasive. Noticeably, Defendants' argument is predicated on the notion that Plaintiffs' factual allegations in their Complaint pertaining to when they discovered the fraud are not true. Otherwise stated, Defendants dispute the factual allegations in the Complaint as to when Plaintiffs' discovered or should have discovered the fraud. Such dispute however is not to be resolved by a court on a motion to remand. Rather, that dispute is to be determined in a proper motion for summary judgment. As elucidated by the Eleventh Circuit,

> In terms of this circuit's law, the main point for us is this one: For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, *the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant*. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then *resolving all contested issues of fact in favor of the plaintiff*, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved . . . Because the procedures are similar while the substantive

5

the joinder is proper and remand the case to the Circuit Court of Lowndes County, Alabama. The remaining motions are due to be resolved by the state court.

It is hereby ORDERED as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 17) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Lowndes County, Alabama.

(3) The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 23rd day of May, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them. In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.

*Crowe*, 113 F.3d at 1541-1542 (emphasis added) (internal quotations and citations omitted). Accordingly, resolving all contested issues of fact in favor of Plaintiffs, this court finds that the statute of limitations poses no bar to Plaintiffs' claims against Strickland.

6